**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-4058**

---

UNITED STATES OF AMERICA,

                  Plaintiff - Appellee,

        v.

HENRY PAUL RICHARDSON, a/k/a Packer,

                  Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.   Henry E. Hudson, District
Judge.   (3:06-cr-00106-HEH)

---

Submitted:  April 9, 2008          Decided:  May 9, 2008

---

Before WILKINSON and MOTZ, Circuit Judges, and WILKINS, Senior
Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

J. James Roos, III, LAW OFFICES OF J. JAMES ROOS, III, Towson,
Maryland, for Appellant.  Chuck Rosenberg, United States Attorney,
Roderick C. Young, Assistant United States Attorney, Richmond,
Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Henry Paul Richardson appeals his convictions following a jury trial for conspiracy to distribute heroin, in violation of 21 U.S.C. § 846 (2000) (Count One); possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (2000) (Count Two); and possession of a firearm in furtherance of a drug trafficking offense causing the death of another, in violation of 18 U.S.C. § 924(j) (2000) (Count Three). Finding no reversible error, we affirm.

I.  Sufficiency of the Evidence

Richardson first contends there was insufficient evidence to support his convictions. This court reviews de novo the district court's decision to deny a motion for judgment of acquittal pursuant to Fed. R. Crim. P. 29. United States v. Osborne, 514 F.3d 377, 385 (4th Cir. 2008). Where, as here, the motion was based on a claim of insufficient evidence, "[t]he verdict of the jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942); Osborne, 514 F.3d at 385. Substantial evidence is evidence "that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996)

(en banc).  This court considers circumstantial and direct evidence, and allows the government the benefit of all reasonable inferences from the facts proven to those sought to be established. Id. at 858; United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

In resolving issues of substantial evidence, this court does not weigh evidence or review witness credibility.  United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).  Rather, it is the role of the jury to judge the credibility of witnesses, resolve conflicts in testimony, and weigh the evidence.  United States v. Manbeck, 744 F.2d 360, 392 (4th Cir. 1984).

First, as to Richardson's conspiracy conviction, "[t]o establish a § 846 violation, the government would have to prove (1) that [Richardson] entered into an agreement with one or more persons to engage in conduct that violated 21 U.S.C. §[] 841(a)(1) . . .; (2) that [he] had knowledge of that conspiracy; and (3) that [he] knowingly and voluntarily participated in the conspiracy." United States v. Mastrapa, 509 F.3d 652, 657 (4th Cir. 2007); Burgos, 94 F.3d at 857.  Testimony at trial disclosed that Richardson began selling heroin in the Gilpin Court area of Richmond, Virginia in the summer of 2005.  He had a lieutenant who controlled the flow of traffic where he sold drugs, in his second floor apartment on St. John Street, and acted as a lookout for police.  Ricky Scott testified he would sometimes make purchases

directly from Richardson; other times Richardson had runners to complete the transactions. Henry Williams testified that in addition to purchasing heroin from Richardson, he distributed heroin for Richardson in exchange for money or heroin. In addition, Williams testified that he brought customers to Richardson to purchase heroin. Williams cooperated with the FBI and completed a controlled buy of heroin from Richardson, which was captured on audio and video recording and played for the jury. After Richardson was arrested, a search of his vehicle recovered 7.1 grams of heroin. We find there was substantial evidence to support the conviction for conspiracy to distribute heroin.

Turning next to Richardson's firearm convictions, a violation of § 924(c)(1) requires proof the defendant used or carried a firearm during and in relation to a drug trafficking crime or possessed a firearm in furtherance of a drug trafficking crime. United States v. Lipford, 203 F.3d 259, 265-66 (4th Cir. 2000) (noting elements under § 924(c) statute for use or carry). Proof of the underlying crime is necessary to convict under § 924(c). United States v. Hopkins, 310 F.3d 145, 153 (4th Cir. 2002). It is sufficient to establish that the purpose of the firearm was to "protect or embolden" the defendant. United States v. Sullivan, 455 F.3d 248, 260 (4th Cir. 2006). Even without evidence of brandishing or firing of a weapon, the carrying of a firearm during a drug trafficking crime supports the jury's finding

- 4 -

that a defendant carried it for his personal protection, thus satisfying the applicable standard. Id.

Under § 924(j)(1), Richardson's third count of conviction, "[a] person who, in the course of a violation of [§ 924(c)], causes the death of a person through the use of a firearm, shall . . . if the killing is murder (as defined in section 1111) be punished by death or by imprisonment for any term of years or for life." 18 U.S.C. 924(j)(1) (2000). The jury found the killing committed by Richardson in the course of the § 924(c) violation was a murder as defined by 18 U.S.C. § 1111 (2000).

Richardson first argues that because there was insufficient evidence to establish the underlying conspiracy to distribute heroin offense, there is insufficient evidence to support that he possessed a firearm in furtherance of that crime. Because we find there was sufficient evidence to support the conspiracy conviction, Richardson's claim fails.

We find there was ample evidence at trial to support Richardson's convictions for possession of a firearm in furtherance of drug trafficking and possession of a firearm in furtherance of drug trafficking causing death. Sylvester Washington and Henry Williams testified that Richardson carried a firearm during their drug transactions with him. Ricky Scott testified that on the night of February 14, 2006, he witnessed Richardson, carrying an AK-47, get into a van with other individuals Scott did not know.

Sylvester Washington testified that on that same night, he was standing with Freeman Brown on the corner of St. Paul and Coutts Streets in Richmond, Virginia, when a van stopped and Richardson exited the van with an AK-47. Washington testified Richardson opened fire as Washington ran away. Washington was shot several times and fell to the ground. Washington survived, but was seriously injured. Freeman Brown was killed. At the scene, forensic detectives recovered 29 cartridge cases from two different AK-47 weapons. To the extent Richardson attempts to undermine the strength of this evidence by challenging witness credibility, this court does not weigh evidence or substitute its view of witness credibility for determinations made by the jury. See Saunders, 886 F.2d at 60.

II. Admission of Evidence

Richardson next argues that the district court erred in admitting drug evidence seized from the third search of his vehicle by law enforcement officials eighteen days after his arrest while the vehicle was impounded. Richardson did not file a motion to suppress evidence prior to trial.

Rule 12(b)(3) of the Federal Rules of Criminal Procedure requires motions to suppress evidence be made before trial. United States v. Wilson, 115 F.3d 1185, 1190 (4th Cir. 1997). Failure to make a motion to suppress before trial constitutes waiver unless

the trial court grants relief from the waiver under Rule 12(e) for cause shown. Fed. R. Crim. P. 12(e); United States v. Ricco, 52 F.3d 58, 62 (4th Cir. 1995). Richardson therefore must show cause for his failure to file a pretrial motion to suppress. Because Richardson failed to raise the issue of suppression based on invalid search prior to or during trial, and he does not allege cause for his failure to do so, we find he has waived his right to raise the issue on appeal.

III. Constructive Amendment

Richardson's final argument on appeal is that the district court constructively amended Count One of the indictment, which charged conspiracy to distribute heroin, by instructing the jury that the agreement could be to distribute or possess with intent to distribute heroin, although Richardson had not been charged with possession with intent to distribute.

Constructive amendments are error per se and "must be corrected on appeal even when not preserved by objection." United States v. Floresca, 38 F.3d 706, 714 (4th Cir. 1994).[*] A constructive amendment broadens the bases for conviction beyond those charged in the indictment. United States v. Randall, 171 F.3d 195, 203 (4th Cir. 1999). It occurs when "the indictment is

_____

[*]Richardson failed to raise the issue of constructive amendment in the district court.

altered 'to change the elements of the offense charged, such that the defendant is actually convicted of a crime other than that charged in the indictment.'" Id. (quoting United States v. Schnabel, 939 F.2d 197, 203 (4th Cir. 1991)).

We find Richardson, as a conspirator, is criminally responsible for all parts of the conspiracy--possession with intent to distribute as well as distribution--and thus he was not prejudiced by the court's instruction to the jury that the conspiratorial agreement could be to distribute or possess with intent to distribute heroin. See United States v. Diaz, 190 F.3d 1247, 1253 (11th Cir. 1999) ("In a conspiracy . . . neither actual possession nor actual distribution is a necessary element of the crime. Only an agreement is necessary. A fundamental precept of the law of conspiracy converts any distinction between conspiracies to commit these two crimes into a non-issue: each conspirator is criminally responsible for all parts of the conspiracy."). Therefore, the district court did not impermissibly broaden the charges such that Richardson was convicted of a crime other than that charged.

Accordingly, we deny Richardson's motion to file a pro se supplemental brief and affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED